ACCEPTED
04-15-00465-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/14/2015 8:20:45 PM
KEITH HOTTLE
CLERK

NO. 04-15-00465-CV

IN THE COURT OF APPEALS
FOURTH SUPREME JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/14/2015 8:20:45 PM
KEITH E. HOTTLE
Clerk

ADOLFO MARTINEZ,
APPELLANT,
VS.
NOEL P. BENAVIDES, ET AL.,
APPELLEES.

From the 229th Judicial District Court
of Starr County, Texas
Trial Court Case Number DC-03-350

APPELLANT'S BRIEF

Margil Sanchez, Jr.,
Attorney at Law,
Bar I.D. No. 17570800,
P.O. Box 297/208 N. Britton Ave.,
Rio Grande City, Texas, 78582-0297
Tel. No. (956) 487-7575
Fax No. (956) 487-8491

i

# APPELLANT'S REQUEST FOR ORAL ARGUMENT

Appellant does not believe that oral argument is needed since the issues presented by this appeal are not complicated.

## IN THE COURT OF APPEALS
## FOURTH SUPREME JUDICIAL DISTRICT
## SAN ANTONIO, TEXAS

## ADOLFO MARTINEZ,
## APPELLANT,
## VS.
## NOEL P. BENAVIDES, ET. AL.,
## APPELLEES.

### From the 229th Judicial District Court
### of Starr County, Texas
### Trial Court Case Number <u>DC-03-350</u>

### IDENTITY OF PARTIES AND ATTORNEYS

The Appellant ADOLFO MARTINEZ lists all of the parties involved in the final judgment that is the subject of this appeal, and he also provides the names and addresses of trial and appellate counsel:

**APPELLANT:**
Adolfo Martínez,
P.O. Box 117,
Roma, Texas, 78584

**APPELLEES:**
Noel P. Benavides,
Leticia R. Reyes

**APPELLEES:**
Javier Tadeo Ramírez, M.D.

Judith Christina R. Barrera, individually and as Executrix of the Estate of Evangelina H. Ramírez,
María Cecilia R. Benavides
Claudia R. Mathers
Pablo A. Ramirez, Inc.

**APPELLANT ADOLFO MARTINEZ' ATTORNEYS AT THE TRIAL COURT AND ON APPEAL:**
Margil Sanchez, Jr.,
Attorney at Law,
P.O. Box 297/208 N. Britton Ave.,
Rio Grande City, Texas, 78582.

Mario Garcia,
Attorney at Law,
4907 S. Jackson Road,
Edinburg, Texas, 78539.

Rene Orlando Garza,
Attorney at Law,
404 N. Britton Ave.,
Rio Grande City, Texas, 78582.

**APPELLANT'S FOREMER ATTORNEYS:**
John A. Pope, III., and
O.C. "Carl" Hamilton Jr.,
Atlas, Hall & Rodriguez, LLP,
P.O. Box 3725,
McAllen, Texas, 78502-3725

**APPELLEES NOEL P. BENAVIDEZ AND LETICIA REYES' TRIAL AND APPELLATE COUNSEL:**
Carmen Benavidez Ramirez,
Attorney at Law,
5413 N. McColl Rd., Suite 1,
McAllen, Texas, 78504.

**APPELLEES JAVIER TADEO RAMÍREZ, M.D., JUDITH CHRISTINA R. BARRERA, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF EVANGELINA H.**

RAMÍREZ, MARÍA CECILIA R. BENAVIDES AND CLAUDIA R. MATHERS' TRIAL AND APPELLATE COUNSEL:

Emundo O. Ramirez/Minerva Zamora,
Attorneys-at-Law,
Ellis, Koeneke, Ramirez & Bishop, L.L.P.,
1101 Chicago Ave.,
McAllen, Texas, 78501

# TABLE OF CONTENTS

Statement on Oral Argument ………………………………………………ii

Identity of Parties and Counsel………………………………………iii, iv &v

Table of Contents …………………………………………………………vi

Index of Authorities …………………………………………………………vii

Statement of the Case …………………………………………………..1

Statement of Facts …………………………………….. ……6

Issues Presented…...………………………………………………....10

Standards of Review…………………………………………...………..10

Summary of Argument………………………………………………….11

Argument and Authorities…….……………………………………......12

**A.** ARGUMENT AND AUTHORITIES ON WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S VERIFIED MOTION TO REINSTATE AFTER TRIAL COURT DISMISS APPELANT'S COURT ACTION FOR FAILURE TO PROSECUTE WITH DUE DILINGENCE………........................12

**B.** ARGUMENTS AND AUTHORTIES ON ISSUE OF WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION AND REVERSIBLE ERROR IN APPLYING THE INCORRECT STANDARD IN RULING AND DENYING APPELLANT'S VERIFIED MOTION TO REINSTATE…………………………………….. ……………………12

Prayer……………………………………………………………………14

Appendix ……………………………………………………………………A

# INDEX OF AUTHORITIES

**Cases:**

*Bevil v. Johnson*,
307 S.W.2d 85, ___ (Tex. 1957) --------------------------------------------Pg.12

*Cappetta v. Hermes*,
222 S.W.3rd 160-167(Tex. App.-San Antonio 2006, no pet.)-------Pg.11

*Cooper v. Texas Gulf Indus.*,
513 S.W.2d 200,204 (Tex. 1974)-------------------------------------------Pg.14

*MacGregor v. Rich*,
941 S.W. 2d 74, 75-(Tex.1977)-------------------------------------------Pg.12

*Walker v. Gutierrez*,
111 S.W. 3rd 56, 62(Tex.2003)-------------------------------------------Pg.10

# STATUTES & RULES & DOCUMENTS

## Rules:

**Pages:**

Rule 39 of the Texas Rules of Civil Procedure ..................Pg. 14
Rule 165a of the Texas Rules of Civil Procedure............. Pg.6,10,11,12,13

## Court Documents:
### Trial Court:

- Order Granting Defendants' Motion for Dismissal dated December 11th, 2013.
- Order Denying Motion for Reinstatement dated June 24th, 2015.

### Appeals Court Documents (1st Court of Appeals of Texas):

- Opinion issued on March 31st, 2015, in Appeal No. 01-14-00269-CV.
- Judgment rendered on March 31st, 2015 in Appeal No. 01-14-00269-CV.

NO. 04-15-00465-CV

IN THE COURT OF APPEALS
FOURTH SUPREME JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

ADOLFO MARTINEZ,
APPELLANT,
VS.
NOEL P. BENAVIDES, ET AL.,
APPELLEES.

From the 229th Judicial District Court
of Starr County, Texas
Trial Court Case Number DC-03-350

APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS IN
SAN ANTONIO, TEXAS:

## STATEMENT OF THE NATURE OF THE CASE

Essentially, after the Appellant filed his Original Petition on
September 23rd, 2003, and through his subsequently filed five amended
petitions running through November 22nd, 2103, Appellant asserted a
trespass-to-try title claim seeking recognition of his title to 6.16 acres of land
by adverse possession of ten years and twenty-five years. Initially by his
Original Petition, the Appellant alleged a cause of action for issuance of a

1

declaratory judgment to some interpleaded funds arising from and paid for an easement granted to the State of Texas under an eminent domain proceeding involving 1.47 acres in dispute that are part and parcel of the 6.16 acres in issue in this case. In the course of his amended pleadings, the Appellant inserted causes of action of trespass to try title against all the Appellees except Appellee Noel P. Benavides and, also, leveled trespass, civil conspiracy and fraud causes of action that were restricted to the Appellee Noel P. Benavides. Also, by his amended pleadings, Appellant added more parties and dropped others.

Two of the Defendants initially sued by Appellant as Defendants were named Oscar Santos and Benjamin Santos who at one time had a record title claim to the acreage and monies in dispute. Though Oscar Santos and Benjamin Santos were reputed to reside in Mexico, they received their property tax notices at a post office box address in Roma, Starr County, Texas. On the filing of the original petition, Appellant had the District Clerk issue citations by mailing to the post office box mailing addresses for Oscar Santos and Benjamin Santos. These citations were returned unclaimed. The Appellant's attorneys then sought to have these two Defendants served through the Secretary of State and under Rules 108 and 108a of the Texas Rules of Civil Procedure, but they were stymied from completing service by the violence in Mexico, the requests posed by the authorities in Mexico and

apparent inaction by the Office of the District Clerk and incomplete information furnished by the Appellees through a court order to furnish the data needed to serve these persons who had claim to the property in question. After these two Defendants Oscar Santos and Benjamin Santos were reported to Appellant to be deceased, the Appellant was left bereft of any knowledge of the names and whereabouts of their heirs, and he had no information on whether a will had been left by the decedents or if probate proceedings had been opened on their estates that that would allow service on their executors or administrators. On March 25th, 2013, the trial judge ordered the Appellees through their attorneys to furnish the Appellant's attorneys with the names and the addresses of the decedents Oscar Santos and Benjamin Santos' respective heirs. On March 27th, 2013, the Appellees filed two Court Order Advisements that provided part of the information that the trial court had ordered them to supply to Appellant.

As regards trial settings, the case was set for trial on four different dates. The first one was set for February 11th, 2010, but it was passed by Rule 11 agreement executed by all the parties to allow more time for settlement discussions. The second trial setting was on the date of March 25th, 2013, but it was passed because Appellant's attorneys were under the impression that it was not set for trial but solely for a status hearing. The third trial date was August 12th, 2013, but, it was cancelled because a hearing was also set for

3

the same date by the trial court on Appellant's attorneys Motions for Withdrawal. The trial judge granted the Motion to Withdraw filed by Appellant's lead counsel, John A. Pope, III/Atlas, Hall & Rodriguez, LLC. The other attorney of Appellant rescinded his request for withdrawal at this same hearing. On the same date of August 12th, 2013, Appellant hired Rene Orlando Garza and presented his new attorney to be co-counsel. Before the order for dismissal for lack of prosecution was signed on December 11th, 2013, the trial court ordered that trial be held on November 5th, 2013. This fourth and last trial setting was not held since it had been inadvertently set by the trial judge for an election day when the Starr County Courthouse is traditionally closed and was closed for business on November 5th, 2013. For a period running about two and one-half months before the dismissal hearing held on December 9th, 2013, the Appellant filed amended pleadings, a request for a Docket Control Conference, discovery requests and responded to Appellees' two Motions for Dismissal for Want of Prosecution.

One week before the cancelled trial date of November 5th, 2013, both set of Appellees filed separate Motions to Dismiss for Want of Prosecution and Lack of Jurisdiction. (Please note that the issue of lack of jurisdiction was disposed off by the decision of the First Court of Appeals issued on March 15th, 2015, in Appellate Case No. 01-14-00269. The trial judge set

4

both Motions to Dismiss for a hearing on December 9th, 2013, and signed an order dismissing Appellant's claims with prejudice on December 11th, 2013.

The Appellant filed a Motion for Reinstatement, and, in the alternative, for New Trial. The Appellant also filed a Motion to Set an Evidentiary Hearing on the previously filed Motion for Reinstatement. The trial judge failed to set a hearing on the Appellant's Motion for Reinstatement and, in the alternative, for New Trial, or on the Appellant's Motion to Set an Evidentiary Hearing on the Motion for Reinstatement. Findings of Fact and Conclusions of Law were requested by Appellant and filed by the trial court. The Appellant perfected an appeal. The First Appeals Court issued its decision on March 15th, 2015, holding the trial judge committed errors in failing to hold a hearing on Appellant's Motion for Reinstatement and send the case back to the trial court to hold a hearing on this motion. The First Court of Appeals also found the trial judge made a mistake in dismissing Appellant's court action with prejudice. The First Court of Appeals did not find that the trial judge had abused her discretion in dismissing this case for want of prosecution for failure by Appellant to prosecute with due diligence.

On June 15th, 2015, and following the decision of the Honorable First Court of Appeals, the trial court held a hearing on Appellant's Verified Motion for Reinstatement and issued a written ruling on June 24th, 2015,

5

denying Appellant's Verified Motion for Reinstatement on the premise that the Appellant had not established "good cause" warranting reinstatement.

On July 7th, 2015, the Appellant filed a Motion to Reform the Order denying reinstatement due to its application of a "good cause" standard instead of a conscious indifferent standard as set out in Rule 165a4 of the Texas Rules of Civil Procedure.

## STATEMENT OF FACTS

After the First Court of Appeals issued its opinion in Appeal Cause No. 01-14-00269-CV on March 15th, 2015, remanding this cause for the purpose of the trial judge setting a hearing and ruling on Appellant's Verified Motion for Reinstatement, the trial court set a hearing on this motion for the date of June 15th, 2015. (2CR0801-0814; 1 RR 1-21). At the hearing, Appellant Adolfo Martinez presented evidence through his former counsel, John A. Pope, III, of Atlas, Hall & Rodriguez, LLP. (1RR5-15). Mr. Pope confirmed that he had been Appellant's attorney in this cause starting in 2008 before he withdrew to take employment with the District Attorney's Office. (1RR6,10-25;7,1-15). Mr. Pope related that he had sixty years of experience as an attorney handling mostly real estate cases. (1RR5,6-25). Mr. Pope explained that in the course of his practice he had worked on cases involving the question of ownership of title to lands that presented difficulties in serving the defendants

6

including foreign residents. (1RR6,1-9). Attorney John A. Pope, III, confirmed that he attended every status hearing set by the trial judge in the subject case. (1RR7, 16-19). He testified that the main purpose of the status conferences was to gauge the ripeness of the case for trial and to determine if all the names defendants had been located and served to avoid the necessity for filing multiple lawsuits. (1 RR7,20-24). Counsel John A. Pope, III, added that from the start of the Appellant's case he had encountered problems in finding and serving the defendants who were ensconced in Mexico. (1RR7,24-25;8,1). Attorney Pope pointed that the problems in serving the Defendants located in Mexico was having no addresses for the defendants located in Mexico. (1RR8,2-4). Mr. Pope detailed that in 2012 or 2013 he contacted Appellees' counsel Carmen Benavides Ramirez to secure information on locating the Mexico based Defendants and, later, he spoke with Appellees' new counsel, Edmundo Ramirez, but though Attorney Ramirez wanted to cooperate, his clients quelled his effort. (1RR8, 5-20). Counsel Carmen Ramirez Benavides was also not allowed by her clients Noel P. Benavides and Leticia Reyes to divulge the information needed by Appellant to serve the Mexico situated Defendants. (1RR8,20-22). Attorney Pope corroborated that it was the Appellees who insisted that the Mexico residing Defendants be found, served and brought into the case before proceeding to trial, and

7

particularly insistent on this point was Appellees Benavides and Reyes' counsel, Carmen Benavides Ramirez. (1RR8,23-25; 9,1-4). At the reinstatement hearing, John A. Pope, III, informed the trial judge that, shortly after signing on as Appellant's attorney, he spoke with Appellees' counsel Carmen Benavides Ramirez on two or three occasions but she refused to provide any information conducive to serving the named Defendants who were in Mexico. (1RR9,5-13;10,2-10). Attorney Pope established that Appellee Noel P. Benavides was related to the un-served Defendants who were living in Mexico. (1RR10,11-21). Mr. Pope could not remember if Appellees had filed a Plea in Abatement to freeze the case until the missing Defendants were served with process. (1RR11,4-10). In regards to his attempting to serve the Mexico situated Defendants, Mr. Pope said he was stymied by his inability to obtain "solid information" on their actual location placing him in a "between a rock and a hard place" predicament of not possessing the facts necessary to apply for the issuance of citations by publication and having only hearsay information to determine whether or not these Defendants were in Monterrey, Mexico. (1RR11,11-25;12,1-30). Mr. Pope referred the trial judge to his approaching Javier Pena, a former Starr County Sheriff's Deputy who had served citations for him in the past, about going to Mexico to locate the whereabouts of the un-cited Defendants but

lacking any concrete information to provide to this prospective investigator, the effort was aborted. (1RR12,3-9). Attorney Pope affirmed that Appellant's inability to locate the Defendants grounded in Mexico and in securing service on them were the reasons for the status conferences held in this cause and that problem moved the trial judge to reset the case to allow Appellant to continue his efforts at finding and securing service on the Mexico based Defendants 91RR12,10-20). Attorney John A. Pope, III, stated that if his Motion to Withdraw as Appellant's attorney had been denied, he was prepared to try the case on that date because he had the witnesses, the evidence and even aerial photographs notwithstanding the lack of service on and absence of the Defendants who were situated in Mexico. (1RR15,1-10). At the same hearing on Appellant's Verified Motion to Reinstate, the trial judge took judicial notice of all the documents in the case file inclusive of the requests for continuances that were made and when they were not and of the trial settings.(1RR14,19-24). In addition, pursuant to Appellant attorney's request, the trial court took judicial notice of the docket entries and of the activities of Appellant before and after the last trial setting, and the trial judge responded that it was taking judicial notice of "all the documents and the docket entries". (1RR15,17-25; 16,1-15). In the argument phase of the reinstatement hearing, the Appellant's attorney

9

reminded the trial judge that the standard applicable to rulings on motions to reinstate was the one set out in Rule 165a3 of the Texas Rules of Civil Procedure. (1RR18,13-22). On June 24th, 2015, the trial judge issued the Order Denying Appellant's Motion for Reinstatement but, in overruling the motion, the trial court applied the wrong standard, for example, that Appellant failed to establish "good cause". Again, the Appellant offered the trial judge the opportunity to correct standard set out on Rule 165a3 by filing a Motion to Reform the Order on July 7th, 2015, but the trial court never acted on this motion. (4CR003-007).

## ISSUES PRESENTED

1. Did trial court commit an abuse of discretion in failing to grant Appellant's Verified Motion for Reinstatement?

2. Did the trial court commit reversible error by applying the wrong standard in deciding Appellant's Verified Motion for Reinstatement?

## STANDARDS OF REVIEW

**ABUSE OF DISCRETION:**

Appellate review of a denial of a motion to reinstate a case dismissed for want of prosecution is reviewed pursuant to a clear abuse of discretion standard. MacGregor v. Rich, 941 S.W.2d 74, 75 ((Tex.1977). Abuse of discretion occurs when the trial judge acts without reliance on governing norms and guidelines. Walker v. Gutierrez, 111 S.W.3d 56, 62(Tex.2003).

10

The reinstatement standard of Rule 165a3 of the Texas Rules of Civil Procedure is applicable to both cases dismissed for failure to appear and for failure to prosecute with diligence or under the trial court's inherent power. Cappetta v. Hermes, 222 S.W.3rd 160-167(Tex. App.-San Antonio 2006, no pet.)

## SUMMARY OF ARGUMENT

Appellant Adolfo Martinez contends that the trial court abused its discretion in denying Appellant's Motion to Reinstate because the court's file and its contents and the evidence presented at the hearing on the reinstatement motion established that the Appellant had pursued the prosecution of this case with due diligence. Additionally, the evidence presented at the hearing by Appellant concretized that the basis for the dismissal, namely, the length of time it had taken Appellant to unsuccessfully locate and obtain service on the Defendants located in Mexico, was due to accident or error or was otherwise reasonably explained and shown not to be intentional or the result of conscious indifference on the part of Appellant or his attorneys. Also, the trial court committed error in applying a "good cause" standard in deciding the Appellant's Motion for Reinstatement instead the conscious indifferent standard set out in Rule 165a3 of the Texas Rules of Civil Procedure.

11

# ARGUMENT AND AUTHORITIES

A. ARGUMENTS AND AUTHORITIES ON THE ISSUE: DID THE TRIAL COURT ABUSE ITS DISCRETION AND THEREBY COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S VERIFIED MOTION FOR REINSTATEMENT THAT WAS DISMISSED ON THE GROUND OF FAILURE TO PROSECUTE WITH DUE DILIGENCE?

B. ARGUMENTS AND AUTHORITIES ON THE ISSUE: DID THE TRIAL JUDGE COMMIT REVERSIBLE ERROR IN APPLYING THE INCORRECT STANDARD IN DECIDING TO DENY APPELLANT'S VERIFIED MOTION TO REINSTATE?

The trial courts have authority to dismiss, court actions that are not prosecuted with due diligence, but the discretion is not boundless but circumscribed in that it is subject to judicial review for abuse of discretion. *Bevil v. Johnson*, 307 S.W. 2d 85, 87 (Tex.1957). And, when that discretion is questioned as having been abused by the trial judge, the correct standard for reviewing the issue is set out in Rule 165a3 of the Texas Rules of Civil Procedure:

The court shall reinstate the case upon finding after a hearing that the failure of the party or has attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

Rule 165a4 expressly states that the process for reinstatement set out in Rule 165a3 is equally available for dismissals made for want of prosecution with due

12

diligence and for failures to appear inclusive of cases dismissed under a trial court's inherent power regardless of whether or not a motion to dismiss was filed. Similarly, in *Capetta v. Homes*, 222 S.W.3rd 160, 162 (Tex.App.-San Antonio 2006, no writ), this Honorable Court of Appeals found that the standard promulgated by Rule 165a3 governs all reinstatement applications without regard to whether the dismissal was made under Rule 165a1 or 2 or pursuant to the trial court's inherent power.

In this case, no evidence was presented that the Appellant's failure to locate or serve the Defendants in Mexico hampered the prosecution of the suit. (See *McGregor v. Rich*, 941 S.W. 2d 74, 76 (Tex.1997). Indeed, Attorney Pope testified at the reinstatement hearing that he was ready to proceed to trial if the Motion to Withdraw as attorney of record had been denied. (1RR15,1-10). Moreover, there was no showing that the time allowed to Appellant to locate and serve the Mexico entrenched Defendants occasioned any prejudice to the defense. (See *McGregor*, id). On the contrary, it was the Appellees who insisted that this case should not be tried without the Mexico located Defendants or the Appellees did not object to granting time to Appellant to accomplish service (1RR8,23-25;9,1-4). Since the trial court's dismissal did not specify any grounds to justify the dismissal order (2 CR0597), the trial judge cannot be said to have acted under any " . . . guiding rules and principles". *McGregor v. Rich*, p. 76. Unlike the Appellant in *Frank v. Canavati*, 612 S.W.2d 221, 222 (Tex.Civ.App.-San Antonio 1980, writ ref'd n.r.e.), the appellant attempted to get a hearing in this case by filing a Demand for Jury Trial. (2CR0503-0504) and a Motion for a Telephonic

13

Docket Control Conference (2CR0572-0573), and he also offered a reasonable explanation as to the grounds that hindered the prosecution of this case. (1RR1-15,1-10). Later, the inability of Appellant to locate and serve the elusive Defendants was used by the Appellees in their Motions to Dismiss and against Appellant's Verified Motion for Reinstatement. (2CR0511-0514;0541-0547;0769-0775) But, trial of this case could have proceeded in the absence of these parties under Rule 39(b) of the Texas Rules of Civil Procedure. As held in _Cooper v. Texas Gulf Indus._, 513 S.W. 2d 200, 204 (Tex.1974) that, given the provisions of Rule 39 of the Texas Rules of Civil Procedure, it would be a highly unusual circumstance where a trial court would be bereft of jurisdictions to decide a case between the parties who were joined because an absent party is deemed indispensible.

## PRAYER

The Appellant ADOLFO MARTINEZ respectfully asks that this Honorable Court of Appeals find that the trial court abused its discretion in denying the Appellant's Motion for Reinstatement and to reverse the trial court's denial of the Appellant's reinstatement application and order that this cause be reinstated on the docket of the 229th Judicial District Court of Starr County, Texas, and remand it for trial and further proceedings. The Appellant prays for general relief.

Respectfully submitted,

By: /S/ *Margil Sanchez, Jr.,*
Margil Sanchez,
Attorney at Law

14

Margil Sanchez, Jr.
Attorney at Law
P.O. Box 297
208 N. Britton Avenue
Rio Grande City, TX 78582
Tel. No. 956-487-7575
Fax No. 956-487-8491
Bar I.D. No. 17570800

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Appellant's Brief was sent by electronic transmission to Edmundo Ramirez, Attorney at Law/Ellis, Koeneke, Ramirez & Bishop, L.L.P., at 1001 Chicago Ave., McAllen, Texas, 78501, on October 14, 2015.

/S/ *Margil Sanchez, Jr.*
Margil Sanchez, Jr.
Attorney at Law

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Appellant's Brief was sent by electronic transmission to Carmen Ramirez, Attorney-at-Law, at 5413 N. McColl Rd., Suite 1, McAllen, Texas, 78504, on October 14th, 2015.

/S/ *Margil Sanchez, Jr.*
Margil Sanchez, Jr.
Attorney at Law

## Certificate of Compliance

On Appellant's Brief, I certify as Appellant's Attorney that it is in compliance with Rule 9.4 of the Texas Rules of Appellate Procedure in that it is computer generated and it contains 3,379 words and is in fourteen font format.

Signed on October 14th, 2015.

/S/ Margil Sanchez, Jr.,
Margil Sanchez, Jr.
Attorney at Law

# APPENDIX

Rule 39. JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION.

**Texas Rules**

**TEXAS RULES OF CIVIL PROCEDURE**

**Part II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS**

**§ 3. Parties to Suits.**

*As amended through June 10, 2014*

**Rule 39. JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION**

(a) **Persons to Be Joined If Feasible.** A person who is subject to service of process shall be joined as a party in the action if

(1) in his absence complete relief cannot be accorded among those already parties, or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may

(i) as a practical matter impair or impede his ability to protect that interest or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

(b) **Determination by Court Whenever Joinder Not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

(c) **Pleading Reasons for Nonjoinder.** A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)-(2) hereof who are not joined, and the reasons why they are not joined.

(d) **Exception of Class Actions.** This rule is subject to the provisions of Rule 42.

19

Rule 165a. DISMISSAL FOR WANT OF PROSECUTION.

Texas Rules

TEXAS RULES OF CIVIL PROCEDURE

Part II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS

§ 7. ABATEMENT AND DISCONTINUANCE OF SUIT.

*As amended through June 10, 2014*

Rule 165a. DISMISSAL FOR WANT OF PROSECUTION

1. **Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings, the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued thereafter only for valid and compelling reasons specifically determined by court order. Notice of the signing of the order of dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.

2. **Non-Compliance With Time Standards.** Any case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket.

3. **Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his

attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

4. **Cumulative Remedies.** This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases. The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed.

CAUSE NO. DC-03-350

| ADOLFO R. MARTINEZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 229TH JUDICIAL DISTRICT |
| | § | |
| NOEL P. BENAVIDES, ET AL. | § | |
| Defendant. | § | OF STARR COUNTY, TEXAS |

## ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

On this day, the Court considered the DEFENDANTs' MOTION TO DISMISS, and the court, after reviewing the evidence, pleadings on file herein and argument of counsel, is of the opinion that DEFENDANTS' MOTION TO DISMISS / are hereby GRANTED.

IT IS THEREFORE ADJUDGED, DECREED and ORDERED that Plaintiffs' lawsuit against Defendants' is hereby dismissed, with prejudice.

AT 9:50 O'CLOCK A. M. FILED

DEC 1 2 2013

ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
_____ DEPUTY

SIGNED on this the 11th day of December, 2013.

_____
JUDGE PRESIDING

Copies to:

Edmundo O. Ramirez, Minerva I. Zamora, ELLIS, KOENEKE, RAMIREZ & BISHOP, LLP, 1101 Chicago Ave., McAllen, Texas 78501, Facsimile (956) 682-0820.

Omar Cura, Jr., Lawrence L. Garcia & Associates, P.C., 257 E. Hildebrand, San Antonio, TX 78212, Facsimile (210) 826-5641

1

0570

22

Filed: 6/24/2015 1:40:00 PM
Eloy R. Garcia, District Clerk
Starr County, Texas

Ana Martinez

CAUSE NO. DC-03-350

| | | |
|---|---|---|
| ADOLFO R. MARTINEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | 229TH JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| NOEL P. BENAVIDES, ET AL | § | STARR COUNTY, TEXAS |

## ORDER DENYING
## PLAINTIFF'S VERIFIED MOTION FOR REINSTATEMENT
## AND, IN THE ALTERNATIVE, FOR NEW TRIAL

On June 15, 2015, came on to be considered *Plaintiff's Verified Motion for Reinstatement and, in the Alternative, for New Trial*. Plaintiff and Defendants appeared through their respective attorneys. After considering the motion, response, pleadings, evidence, and arguments of counsel, the Court finds Plaintiff failed to show good cause for reinstatement or for the granting of a new trial.

IT IS THEREFORE ORDERED that Plaintiff's motion is DENIED.

Signed this 24 day of June, 2015.

_____
JUDGE PRESIDING

cc:   Edmundo O. Ramirez/Minerva I. Zamora, Ellis, Koeneke & Ramirez, LLP; 1101 Chicago Avenue, McAllen, Texas 78501; Facsimile (956) 682-0820
Margil Sanchez, Jr., P.O. Box 297, Rio Grande City, Texas 78582; Facsimile (956) 487-8491
M. Mario Garcia, 4907 S. Jackson Road, Edinburg, Texas 78539; Facsimile (956) 661-8026
Rene Orlando Garza, 404 N. Britton Ave., Rio Grande City, Texas 78582; Facsimile (956) 487-6336
Carmen B. Ramirez, 4715 S. Jackson Road, Edinburg, Texas 78539; Facsimile (956) 683-7071

1

23



In The

# Court of Appeals

For The

# First District of Texas

————————

NO. 01-14-00269-CV

————————

**ADOLFO R. MARTINEZ, Appellant**

**V.**

**NOEL P. BENAVIDES, PABLO A. MARTINEZ, INC., DR. JAVIER TADEO RAMIREZ, JUDITH CHRISTINA R. BARRERA, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF EVANGELINA H. RAMIREZ, MARIA CECILIA R. BENAVIDES, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF EVANGELINA H. RAMIREZ, CLAUDIA RAMIREZ MATHERS, AND LETICIA R. REYES, Appellees**

———————————————————————————

On Appeal from the 229th District Court
Starr County, Texas
Trial Court Case No. DC-03-350

———————————————————————————

## MEMORANDUM OPINION

Appellant Adolfo R. Martinez sued Noel P. Benavides, Pablo A. Martinez, Inc., Dr. Javier Tadeo Ramirez, Judith Christina R. Barrera, Individually and as

Executrix of the Estate of Evangelina H. Ramirez, Maria Cecilia R. Benavides, Individually and as Executrix of the Estate of Evangelina H. Ramirez, Claudia Ramirez Mathers, and Leticia R. Reyes to establish title to real property that Martinez claimed through adverse possession.[1] Martinez also sued for trespass, civil conspiracy, and fraud. The appellees moved to dismiss Martinez's claims for want of prosecution and also argued that he did not have standing to assert his claims for trespass, civil conspiracy, and fraud. The trial court dismissed Martinez's claims with prejudice, finding that Martinez had failed to prosecute the case with diligence. Martinez timely filed a verified motion to reinstate, but the trial court failed to hold a hearing on the motion. We hold that the trial court did not abuse its discretion in dismissing Martinez's claims for want of prosecution, but improperly dismissed the claims with prejudice and erroneously failed to hold an oral hearing on the motion to reinstate. We modify the trial court's judgment to strike the words "with prejudice" and remand the case to the trial court to hold an oral hearing on the motion to reinstate.

---

[1] On March 18, 2014, the Texas Supreme Court ordered this appeal transferred from the Court of Appeals for the Fourth District of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases). We are unaware of any conflict between the precedent of the Court of Appeals of the Fourth District and that of this Court on any relevant issues. *See* TEX. R. APP. P. 41.3.

## Background

This is the third appeal in this case, which has been pending since 2003. *See Martinez v. Benavides*, No. 04-05-00618-CV, 2006 WL 1993773 (Tex. App.—San Antonio July 19, 2006, no pet.); *Martinez v. Benavides*, No. 04-04-00654-CV, 2005 WL 418593 (Tex. App.—San Antonio Feb. 23, 2005, no pet.). In 2003, Martinez sued J.C. Ramirez, Pablo A. Ramirez, Jr., Oscar Ruben Santos, Benjamin Santos, and Noel P. Benavides, claiming ownership by adverse possession of land in which he alleged each of the defendants had an interest. Martinez initially served only Benavides; he was unsuccessful in serving the other defendants. 2006 WL 1993773, at *1. Benavides moved for summary judgment, which was granted. *Id.* Martinez appealed the summary judgment to the San Antonio Court of Appeals, but that appeal was dismissed as interlocutory because claims remained pending against the other defendants. 2005 WL 418593, at *1.

Before the trial court received the mandate from the court of appeals, it set the case for a hearing on the dismissal docket for dismissal due to want of prosecution. 2006 WL 1993773, at *1. Martinez again attempted, unsuccessfully, to serve the remaining defendants. *Id.* After a hearing, the trial court dismissed the case for want of prosecution. *Id.* Martinez appealed, and the San Antonio Court of Appeals reversed. *Id.* at *4.

3

According to the trial court's findings of fact, after the 2006 remand, Oscar Ruben Santos and Benjamin Santos died, and Martinez added their heirs as defendants. However, Martinez did not serve these defendants. On August 8, 2011, some of the served defendants provided Martinez with a letter identifying the last known addresses of the unserved defendants. At a status hearing on August 11, 2011, Martinez requested an additional 90 days to serve the defendants and told the trial court that he would initiate substituted service if he was unable to serve them. The trial court granted the request and set the matter for a status hearing on November 29, 2011.

At the November 29 status hearing, Martinez requested an additional 90 days to serve the unserved defendants. The trial court granted the request and set a status hearing for March 26, 2012. At the March 26 hearing, Martinez requested additional time, which the trial court granted, setting a status hearing for April 30, 2012. At the April 30 hearing the trial court signed a letter rogatory and granted Martinez additional time to serve the unserved defendants. The trial court set a status hearing for August 20, 2012.

At the August 20 status hearing, Martinez requested additional time to serve the unserved defendants. The trial court granted an extension to November 26, 2012. At a hearing on November 26, Martinez requested additional time. The trial

4

court granted the request and, at the defendants' request, set the matter for trial on March 25, 2013.

Martinez did not serve the unserved defendants before March 25. When the trial court called the matter for trial, Martinez requested additional time to serve the unserved defendants and asked the trial court to order the served defendants to provide him with addresses for the unserved defendants. The trial court ordered the served defendants to do so "insofar as [they] would have that knowledge," and reset the matter for trial on August 12, 2013. Two days after the hearing, the served defendants filed an advisement identifying the last known addresses of the unserved defendants.

On August 5, 2013, Martinez moved for a continuance of the August 12 trial date and advised the trial court that he needed additional time to serve the unserved defendants. The trial court reset the matter for trial on November 5, 2013 and advised Martinez that no further continuances or additional extensions would be granted.

On October 29, 2013, Martinez moved for a continuance of the November trial setting. The defendants subsequently moved to dismiss the case for want of prosecution and also moved to dismiss Martinez's trespass, civil conspiracy, and fraud claims on the ground that Martinez lacked standing to assert them. Martinez filed several responses to the motions, arguing that he had been diligent in

attempting to serve the unserved defendants and that he did have standing to assert claims for trespass, civil conspiracy, and fraud.

The trial court heard the motions to dismiss on December 9, 2013 and signed an order dismissing the case with prejudice on December 11, 2013. At Martinez's request, the trial court later entered findings of fact and conclusions of law, finding that the unserved defendants were necessary parties, that Martinez had not been diligent in attempting to serve the unserved defendants, that there was no reasonable excuse for the delay in prosecution, and that his repeated failure to serve the unserved defendants was egregious. The trial court did not enter any conclusions of law regarding standing, the alternative ground urged by the defendants for dismissal of trespass, civil conspiracy, and fraud.

Within 30 days of the trial court's dismissal order, Martinez filed a verified motion to reinstate. When the trial court failed to set an oral hearing on the motion, Martinez moved to set a hearing on the motion to reinstate. The trial court did not hold an oral hearing on the motion to reinstate.

## Dismissal for Want of Prosecution with Prejudice

In his first, third, fourth, fifth and sixth issues, Martinez argues that the trial court erred in dismissing his claims for want of prosecution. In his second issue, Martinez argues that the trial court erred in dismissing his claims with prejudice.

6

29

## A. Standard of Review and Applicable Law

A trial court may dismiss a civil suit for want of prosecution: (1) under Rule 165a(1) when a party seeking affirmative relief fails to appear for hearing; (2) under Rule 165a(2) when the case is not disposed of within the time limits proscribed by the Texas Supreme Court; and (3) pursuant to the court's inherent power when a plaintiff fails to prosecute his case with due diligence. TEX. R. CIV. P. 165a(1), (2), (4); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). We review a trial court's ruling dismissing a case for want of prosecution for an abuse of discretion. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.–Dallas 2001, pet. denied) (per curiam). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," that is, when it acts in an arbitrary and unreasonable manner. *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied). A trial court does not abuse its discretion when "its decision is based on conflicting evidence or when some evidence of a substantive and probative character exists to support the trial court's decision." *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 275 (Tex. App.—El Paso 2010, no pet.) (citing *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998)).

7

When determining under its inherent authority whether the plaintiff has demonstrated a lack of diligence in prosecuting his case, the trial court may consider the entire history of the case including the length of time the case was on file, the extent of activity in the case, whether the plaintiff requested a trial setting, and the existence of reasonable excuses for delay. *Dueitt,* 180 S.W.3d at 739; *Jimenez v. Transw. Prop. Co.,* 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). None of the factors are dispositive, and a belated trial setting or the plaintiff's stated readiness to proceed to trial does not conclusively establish diligence. *Dueitt,* 180 S.W.3d at 739. The plaintiff bears the burden of demonstrating that he has diligently prosecuted his case. *See Jimenez,* 999 S.W.2d at 130; *see also Olivas,* 323 S.W.3d at 274 ("The complaining party has the burden to bring forth a record to support its contention.").

Dismissal of a case with prejudice functions as a final determination on the merits. *Ritchey v. Vasquez,* 986 S.W.2d 611, 612 (Tex. 1999) (per curiam). A dismissal for want of prosecution is not a trial on the merits, and therefore dismissal with prejudice is improper. *Maldonado v. Puente,* 694 S.W.2d 86, 92 (Tex. App.—San Antonio 1985, no writ). An order of dismissal for want of prosecution is not an adjudication of the rights of the parties; rather, it simply places the parties in the position they were in prior to filing the suit. *Melton v. Ryander,* 727 S.W.2d 299, 303 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). If a

8

31

trial court improperly dismisses a case for want of prosecution with prejudice, the appellate court should modify the judgment to strike the words "with prejudice." *See id.*

**B.    Analysis**

Here, the trial court found that Martinez "has not been diligent, in any form, in attempting to serve Defendants in the last ten (10) years" and that it had the inherent power to dismiss the case. We conclude that the trial court did not abuse its discretion in dismissing Martinez's case under its inherent authority.

Martinez originally filed suit over 10 years ago, in 2003. *See Dueitt*, 180 S.W.3d at 739 (length of time case was on file is factor to consider regarding dismissal under inherent power). Even if his early failure to serve unserved defendants could be explained by delay caused by the two previous appeals in the case, the second remand occurred in 2006. Thus, the case had been on file for seven years after remand when the trial court considered the motions to dismiss.

Martinez repeatedly asked the trial court for additional time to serve the unserved defendants and assured the trial court that he would serve them, but never did. *See Dueitt*, 180 S.W.3d at 739 (activity in case and whether plaintiff requested trial setting are factors to consider regarding dismissal under inherent power). The trial court repeatedly reset the trial at Martinez's request. *See id.* Before the final reset, the trial court advised Martinez that no further continuances

9

or additional extensions would be granted; nevertheless, Martinez moved for a continuance of that trial setting, and had not served the unserved defendants at the time of the hearing on the subsequently-filed motions to dismiss, a month after that trial setting date.

The record indicates that at least some of the unserved defendants resided outside the United States and that Martinez told the trial court that he was having trouble determining their whereabouts. *See Dueitt*, 180 S.W.3d at 739 (existence of reasonable excuses for delay is factor to consider regarding dismissal under inherent power). However, Martinez was given repeated extensions over a period of several years to permit him to undertake the investigation needed to properly serve the unserved defendants. The trial court even ordered the served defendants to provide Martinez with contact information to the extent that they were able, and the served defendants complied with this request. To the extent that Martinez argues that the served defendants withheld information in this regard, such determinations are left solely to the trial court as factfinder. *See HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (trial court as factfinder is sole judge of credibility and appellate court may not pass upon credibility or substitute its judgment for that of trial court).

10

Considering all of the factors and the evidence before the trial court on the motions to dismiss, we hold that the trial court did not abuse its discretion in finding that Martinez failed to prosecute his case with due diligence. *See Dueitt*, 180 S.W.3d at 739. Accordingly, we hold that the trial court did not abuse its discretion in dismissing Martinez's claims for want of prosecution. *See id.*

However, dismissal for want of prosecution is not a ruling on the merits, and therefore dismissal for want of prosecution with prejudice is improper. *See Maldonado*, 694 S.W.2d at 92. Consequently, it was error for the trial court to dismiss Martinez's claims with prejudice. *See id.* Accordingly, we will modify the judgment to strike the words "with prejudice." *See Melton*, 727 S.W.2d at 303.

We sustain Martinez's second issue with respect to dismissal with prejudice, and overrule Martinez's first, third, fourth, fifth and sixth issues, which challenge dismissal of his claims for want of prosecution. Because we have concluded that dismissal of Martinez's claims was proper, we do not reach his eighth issue challenging an alternative ground for dismissal. *See* TEX. R. APP. P. 47.1.

## Motion to Reinstate

In his seventh issue, Martinez argues that the trial court erred in failing to hold an oral hearing on his motion to reinstate.

11

34

## A.    Motion to Reinstate

A party seeking reinstatement must timely file a verified motion to reinstate. TEX. R. CIV. P. 165a(3). The motion must be verified by the movant or her attorney and must be filed within 30 days after the order of dismissal was signed. *Id.* A trial court has no discretion to fail to hold an oral hearing on a timely filed, properly verified motion to reinstate. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991); *see Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (affirming court of appeals' holding that trial court abused its discretion in failing to hold hearing on motion to reinstate); *Smith v. McKee*, 145 S.W.3d 299, 305 (Tex. App.—Fort Worth 2004, no pet.).

## B.    Analysis

We conclude that the trial court erred in failing to hold an oral hearing on Martinez's motion to reinstate. Martinez timely filed a properly verified motion and moved for an oral hearing, and thus, the trial court had no discretion to fail to hold an oral hearing on the motion. TEX. R. CIV. P. 165a(3) ("The clerk shall deliver a copy of the motion [to reinstate] to the judge, who shall set a hearing on the motion as soon as practicable."); *see Thordson*, 815 S.W.2d at 550 (trial court has no discretion to deny oral hearing on timely filed, properly verified motion to reinstate). Appellees argue that the trial court did not err in failing to hold a hearing because Martinez's motion was without merit, but we may not consider

12

whether the motion to reinstate raises meritorious arguments in determining whether the trial court erred in failing to hold a hearing. *See Thordson*, 815 S.W.2d at 550 ("Although the grounds . . . stated in his motion [to reinstate] may not trigger mandatory reinstatement of his claim . . . he, nevertheless, is entitled to a hearing on his motion.").

We sustain Martinez's seventh issue.

## Conclusion

We modify the trial court's judgment to strike the words "with prejudice" and remand the case to the trial court for an oral hearing on the motion to reinstate.


Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

13



# JUDGMENT

## Court of Appeals

## First District of Texas

NO. 01-14-00269-CV

ADOLFO R. MARTINEZ, Appellant

V.

NOEL P. BENAVIDES, PABLO A. MARTINEZ, INC., DR. JAVIER TADEO RAMIREZ, JUDITH CHRISTINA R. BARRERA, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF EVANGELINA H. RAMIREZ, MARIA CECILIA R. BENAVIDES, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF EVANGELINA H. RAMIREZ, CLAUDIA RAMIREZ MATHERS, AND LETICIA R. REYES, Appellees

Appeal from the 229th District Court of Starr County. (Tr. Ct. No. DC-03-350).

This case is an appeal from the final judgment signed by the trial court on December 9, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that there was error in the portion of the trial court's judgment that dismissed appellant's claims with prejudice. Accordingly, the Court **modifies** the referenced portion of the trial court's judgment to strike the words "with prejudice," and **remands** the case to the trial court for an oral hearing on the motion to reinstate.

37

The Court **orders** that the appellant, Adolfo R. Martinez, pay one half of the appellate costs. The Court **orders** that the appellees, Noel P. Benavides, Pablo A. Martinez, Inc., Dr. Javier Tadeo Ramirez, Judith Christina R. Barrera, Individually and as Executrix of the Estate of Evangelina H. Ramirez, Maria Cecilia R. Benavides, Individually and as Executrix of the Estate of Evangelina H. Ramirez, Claudia Ramirez Mathers, and Leticia R. Reyes, jointly and severally, pay one half of the appellate costs.

The Court **orders** that this decision be certified below for observance.

Judgment rendered March 31, 2015.

Panel consists of Justices Jennings, Higley, and Huddle. Opinion delivered by Justice Huddle.